UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MATTHEW JAMES REMBISH,

        Defendant.
                                     /

Case No. 08-20411

Thomas L. Ludington
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER FOR PSYCHIATRIC OR PSYCHOLOGICAL EXAMINATION
TO DETERMINE DEFENDANT'S COMPETENCY TO STAND TRIAL**

On July 30, 2008, defendant Matthew James Rembish was indicted and charged with theft of mail and possession of stolen mail. Defendant appeared in court on August 12, 2008, and at that time was released on an unsecured bond.

Subsequently, the Pretrial Services Agency petitioned the Court for a bond review hearing and a warrant was issued for defendant's arrest. Defendant was arrested and a hearing was held regarding the allegations that defendant had not complied with the terms of his release conditions. At the hearing, the Court determined that there was clear and convincing evidence that defendant had violated the conditions of his bond and that he was unlikely to abide by any conditions of bond that might be set. Under the circumstances and pursuant to the

1

provisions of 18 U.S.C. § 3148(b), defendant's bond was revoked and he was detained pending further proceedings in this case.

During the bond revocation hearing, defendant's counsel indicated that he had difficulty communicating with the defendant, based on the defendant's apparent inability to understand what he was being told, and that defense counsel had concerns about defendant's competency to stand trial. Defendant personally addressed the Court and made irrational statements regarding his circumstances. Based on the statement of defense counsel and the Court's own observation of defendant in the courtroom, the Court concludes that reasonable cause exists to believe that defendant may presently be suffering from a mental disease or defect that has rendered him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

Accordingly, the Court **ORDERS**, pursuant to 18 U.S.C. §§ 4241(b) and 4247(b) and (c), that:

(1) defendant be committed for examination for a reasonable time, not to exceed 30 days, at a suitable facility that is located closest to the Court for the Eastern District of Michigan;

(2) the examination shall include both a psychiatric and a psychological

examination of defendant;

    (3)    a report shall be prepared and submitted to this Court, with copies provided to counsel for defendant and the government, which will include:

        a.    defendant's history and present symptoms, if any;

        b.    a description of the psychiatric, psychological or medical tests that were employed and their results;

        c.    the name of the examiner and his/her findings as to competency to proceed, as well as the examiner's opinions as to diagnosis and prognosis; and

        d.    a determination as to whether defendant presently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

    (4)    the report be submitted to this Court so that a hearing may be conducted pursuant to 18 U.S.C. § 4247(d) to determine defendant's competency to stand trial;

    (5)    the United States Marshal's Service shall take defendant into custody pursuant to the terms of this Order and shall promptly and expeditiously transfer

him to a suitable facility, to be determined by the Attorney General, and that the United States Marshal's Service shall do this as quickly as reasonably possible so as to minimize the period during which defendant must travel to, be confined in, and be returned from the facility where such examination will be conducted; and

(6) the time period associated with this determination, from the filing date of this Order through and including the date on which a final determination is made regarding defendant's competency to stand trial, shall be excluded under the Speedy Trial Act pursuant to the terms of 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: October 9, 2008                    s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Norman Donker, AUSA and Kenneth R. Sasse, Esq., Federal Defender Office and I hereby certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: Pretrial Services Agency and the United States Marshal's Service.

                                                      s/James P. Peltier  
                                                      Courtroom Deputy Clerk  
                                                      U.S. District Court  
                                                      600 Church Street  
                                                      Flint, MI 48502  
                                                      (810) 341-7850  
                                                      pete_peltier@mied.uscourts.gov