UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08-20411 |
| Plaintiff, | Thomas L. Ludington<br>United States District Judge |
| vs. | |
| MATTHEW JAMES REMBISH, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER DETERMINING DEFENDANT**
**COMPETENT TO STAND TRIAL**

Defendant was previously determined to not be competent to stand trial following a hearing held on January 27, 2009. Following that determination an order was entered, pursuant to 18 U.S.C. § 4241(d)(1), committing defendant for treatment for the purpose of determining whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit proceedings to go forward. (Dkt. 28). Defendant was transferred to the Federal Medical Center (FMC) in Butner, North Carolina for the purpose of being treated consistent with the court's order.

On July 7, 2009, the court received a letter from the warden at the FMC enclosing a report prepared by Jill R. Grant, staff psychologist, and Bruce Berger,

1

staff psychiatrist, at FMC.  The report listed the various tests and treatments that had been administered to defendant while at the FMC and concluded that defendant now met "the minimum standards of competency to stand trial."  The report went on to say that the determination of competency was "contingent" on defendant continuing to take his prescribed medication.

Pursuant to 18 U.S.C. § 4241(e), a hearing was held on August 13, 2009, to determine the competency of defendant.  Defendant was present for the hearing and was represented by counsel.  The government acknowledged it had the burden to prove defendant competent by a preponderance of the evidence.  As its proof in this matter, the government offered the above-referenced report of Drs. Grant and Berger.  The report was admitted without objection by defendant.  Defense counsel, who had been counsel for defendant since the outset, stated that he was able to communicate sufficiently well with defendant, in marked contrast to the circumstances prior to treatment by the Bureau of Prisons and that, in the view of defense counsel, defendant was now competent to stand trial.  Defendant was personally addressed by the undersigned and appeared to understand his circumstances and stated he could work with his attorney in preparing a defense to the pending charge.

A person is incompetent to stand trial in a federal criminal proceeding if that

person is "presently ... suffering from a mental disease or defect [that renders] him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Supreme Court phrased it in slightly different terms in *Dusky v. United States*, 362 U.S. 402 (1960) when it held that a person is competent if he has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and ... a rational as well as factual understanding of the proceedings against him."

Based on the evidence and other information presented at the hearing, it was established by a preponderance of the evidence that defendant is able "to understand the nature and consequences of the proceedings against him" and has the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."

**IT IS ORDERED** that defendant is competent to stand trial under the standards contained in 18 U.S.C. § 4241(a). A determination of competency at this stage of the proceedings is not a determination that defendant will continue to competent for the future. If defense counsel believes that defendant's situation has changed he may reopen this issue at any time prior to sentencing. *Id*.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of this Order as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part(s) of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: August 13, 2009                s/Michael Hluchaniuk
                                                      Michael Hluchaniuk
                                                      United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Norman W. Donker, AUSA, Kenneth R. Sasse Attorney at Law, and I certify that I have mailed by United States Postal Service/hand-delivered the paper to the following non-ECF participants: Pretrial Services Agency, United States Marshal.

                                                                      s/James P. Peltier
                                                                      Courtroom Deputy Clerk
                                                                      U.S. District Court
                                                                      600 Church Street
                                                                      Flint, MI 48502
                                                                      (810) 341-7850
                                                                      pete_peltier@mied.uscourts.gov